IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY FOLLMAN, Individually and )
and behalf of a class, )
)
Plaintiff, )
)
v. ) Case No: 07 C 2934
)
HOSPITALITY PLUS OF )
CARPENTERSVILLE, INC., doing )
business as CULVER's, and DOES 1-10, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Larry Follman brings this putative class action against Hospitality Plus of Carpentersville, Inc., for alleged violations of the Fair and Accurate Credit Transactions Act of 2003 (FACTA). In relevant part, FACTA, a subset of the Fair Credit Reporting Act (FCRA), requires retailers to eliminate specific credit or debit card information on the computer-generated receipts they issue to customers. Plaintiff alleges that defendant's violation was willful and seeks redress under 15 U.S.C. § 1681n, which provides that, "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA]" is liable for either actual or statutory damages, punitive damages, costs and fees. *See also* In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 342 (N.D. Ill. 2002). Plaintiff filed an amended complaint on June 28, 2007, in response to the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 2007 U.S. LEXIS 5901 (May 21, 2007). Defendant now moves to dismiss the amended complaint, arguing that it

does not state a claim upon which relief can be granted per the new standard set forth in Twombly. For the following reasons, we deny defendant's motion.

## BACKGROUND

The following is taken from plaintiff's complaint. The relevant provision of FACTA provides that: "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g). The law gave merchants up to three years to comply with this requirement, requiring full compliance no later than December 4, 2006. Defendant, doing business as Culver's restaurant, is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA. On or about April 24, 2007, and May 8, 2007, plaintiff received a computer-generated receipt from Culver's which displayed plaintiff's card expiration date.

Defendant moves to dismiss the amended complaint arguing that it fails to sufficiently allege that defendant's conduct was willful, or, in the alternative argues that defendant's reading of the statute was plausible such that its conduct could not be considered willful. We find both arguments unavailing.

## ANALYSIS

On a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the well-pleaded allegations of the complaint must be accepted as true, and the court must draw all reasonable inferences in favor of plaintiff. McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006). Plaintiff need only allege the "operative facts" upon which each

claim is based (Kyle v. Morton High School, 144 F.3d 448, 454-55 (7th Cir. 1998)), and include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief." E.E.O.C. v. Concentra Health Servs., 496 F.3d 773 (7th Cir. 2007)(quoting in part Twombly, 127 S. Ct. at 1964).

Defendant argues that plaintiff has failed to allege sufficient facts that would raise his claim of willful violation of the statute "above a speculative level." Id. We disagree. "Willfulness" as used in the FRCA is defined to include both reckless and knowing violations of the statute. Safeco Ins. Co. v. Burr, 127 S. Ct. 2201, 2007 U.S. LEXIS 6963, *19-24 (June 4, 2007). Plaintiff sufficiently alleges willfulness under this definition. His complaint alleges that FACTA was enacted in 2003 and gave merchants three years within which to comply with the law's requirements. It alleges that defendant knew of the requirements because VISA, MasterCard and the PCI Security Standards Council informed defendant about FACTA. In addition, the card-issuing organizations proceeded to require compliance with FACTA in their contracts with merchants before the mandatory compliance date. Finally, most of defendant's business peers and competitors readily brought their processes into compliance. Yet, defendant failed to comply with FACTA, issuing a credit card receipt to plaintiff containing the expiration date of his credit card. We find these allegations plausibly suggest that defendant willfully violated the statute.[1]

---

[1] Defendant argues that plaintiff's allegations of defendant's knowledge, which is averred upon information and belief, is not sufficient under Twombly. Defendant points to two cases which call such averments "speculation." See U.S. v. Velazquez, 1997 U.S. Dist.
(continued...)

Defendant argues that plaintiff has failed to allege the elements of recklessness – that defendant knew a high risk of harm would result from its actions or that such a high risk was so obvious that defendant should have known of it. But plaintiff has alleged that defendant acted knowingly, and we find sufficient plaintiff's allegations supporting this claim. Thus plaintiff need not plead allegations of recklessness.

Defendant argues that even if plaintiff's allegations are sufficient under Twombly, plaintiff's complaint must still be dismissed because defendant's reading of the statute was sufficiently plausible such that its conduct could not be deemed willful. We decline to address this argument at this stage of the litigation. On a motion to dismiss we are concerned only with the sufficiency of the complaint and defendant's argument goes beyond the complaint, asking us to consider its interpretation of the statute. *See* Blanco, 2007 U.S. Dist. LEXIS 63732, *14-15. Defendant's reading of the statute is relevant to whether or not defendant's actions were willful. However, even if we were to consider defendant's argument at this stage, we would be inclined to agree with every other district court in the country that has addressed this issue. *See* Iosello v. Leibly's, Inc., No. 07 C 2454, 2007 U.S. Dist. LEXIS 61630 (N.D. Ill. Aug. 22, 2007)(holding that FACTA is not

---

(...continued)
LEXIS 7999, *28 (N.D. Ill. 1997); De La O v. Housing Authority of the City of El Paso, Texas, 417 F.3d 495, 501-502 (5th Cir. 2005). However, Velazquez dealt with a criminal defendant's request for grand jury testimony, and De La O was a motion for summary judgment. Defendant has pointed to no cases pre- or post-Twombly, that suggest that averments of mental state upon information and belief are not sufficient to withstand a motion to dismiss. Furthermore, even under the heightened pleading standard of Rule 9(b), "malice, intent, knowledge, an other conditions of a person' mind may be alleged generally." *See also* Blanco v. El Pollo Loco, No. SA CV 07-54 JVS, 2007 U.S. Dist. LEXIS 31231, *8 n.4 (C.D. Cal. Apr. 3, 2007).

vague or ambiguous such that defendant's conduct would not be willful); <u>Arcilla v. Adidas Promotional Retail Operations, Inc.</u>, 488 F. Supp. 2d 965 (C.D. Cal. 2007)(same); <u>Aeschbacher v. California Pizza Kitchen, Inc.</u>, No. CV 07-215, 2007 U.S. Dist. LEXIS 34852 (C.D. Cal. Apr. 3, 2007)(same); <u>Blanco</u>, 2007 U.S. Dist LEXIS at *5-6 (same); <u>Pirian v. In-N-Out Burgers</u>, No. SA CV 06-1251, 2007 U.S. Dist. LEXIS 25384 (C.D. Cal. Apr. 5, 2007)(same); <u>Lopez v. The Gymboree Corp.</u>, No. C 07-0087, 2007 U.S. Dist. LEXIS 44461 (C.D. Cal. June 8, 2007)(same); <u>Korman v. The Walking Co.</u>, No. 07-1557, 2007 U.S. Dist. LEXIS 63732 (E.D. Pa. Aug. 28, 2007)(same).

Defendant argues that the language of the statute renders it amenable to three different interpretations and thus is sufficiently vague as to render defendant's conduct not a willful violation.[2] <u>Safeco</u>, 127 S. Ct. at 2215-16. Defendant asserts three possible interpretations:

(1) no person shall print: (a) more than the last five digits of the card number on the receipt; *or* (b) the expiration date on the receipt;

(2) no person shall print: (a) more than the last five digits of the card number on the receipt; *and* (b) more than the last five digits of the expiration date on the receipt;

(3) no person shall print: (a) more than the last five digits of the card number on the receipt; *and* (b) the expiration date on the receipt.

---

[2]Defendant specifically states in its reply that it is not arguing that the statute is unconstitutionally vague (def. reply at 12). Thus we do not address the constitutionality of the statute.

None is plausible. The first would permit a merchant to include the entire card number on the receipt, so long as the expiration date was left off. Congress's intent in enacting FACTA to prevent identity theft would not be realized by such a reading. The second interpretation is equally implausible. The majority of expiration dates are only four digits long, while others are six or at most eight digits, *e.g.* MM/YY, MM/YYYY, MM/DD/YY or MM/DD/YYYY. This interpretation would permit the 4-digit expiration dates to be printed in their entirety, and the six digit expiration dates to only be missing the first number, which can only be either a zero or a one. Even the eight digit expiration dates would only be missing the month of expiration (of which there are twelve) and the first digit of the day of expiration, which could only be a zero, one, two or three. A would-be identity thief could easily use the printed information to discern the entire expiration date. The third interpretation may appear conceivable on its face, but becomes untenable upon a re-reading of the statute itself. The connection word between the two elements is "or" not "and." As used in this statute, the word "or" delineates the two things that cannot be printed – no person shall print more than the last five digits of the card number *or* the expiration date – meaning a person may print neither. We find that no reasonable person could interpret the statute in the ways defendant presents. The plain meaning of the statute is that no merchant may print more than the last five digits of the card number, nor may they print the expiration date of the card on the receipt.

　　Our interpretation of the statute is bolstered by the similar interpretations every other court to consider the issue has held the same (*see* collection of cases *supra*). Furthermore, the FTC-issued rules governing interpretation of the statute have rejected these alternate

readings. *See* Bureau of Consumer Protection, Federal Trade Commission, *Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts* (May 2007). While we understand that defendant here, as in Safeco, did not have the benefit of the FTC guidance, nor of the holdings of myriad other district courts, we find that, unlike in Safeco, the text of this statute is clear and open to only one reasonable interpretation, thus a "dearth of guidance" does not render defendant's readings plausible. 127 S. Ct. at 2216.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's amended complaint is denied.

James B. Moran<br>
Sr. Judge, U.S. District Court

_____Oct. 17_____, 2007